# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | |
|---|---|
| AUGUSTA NATIONAL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:17-CV-00096 |
| | ) |
| GREEN JACKET AUCTIONS, | ) |
| | ) |
| Defendants. | ) |

## **EMERGENCY MOTION TO QUASH SUBPOENA DUCES TECUM**

COMES NOW Plaintiff, Augusta National, Inc. ("ANI"), and files its Motion to Quash the Subpoena Duces Tecum served on it by Defendant, showing the Court the following.

1. Plaintiff's Complaint in this action was filed alleging that Green Jacket Auctions ("GJA") was auctioning stolen property, infringing on ANI's trademarks, and making false statements in connection with marketing and advertising GJA's products. (*See generally* Compl., doc. no. 1.)

2. Plaintiff sought relief in part in the form of a preliminary injunction preventing GJA from: (1) using ANI's Marks, any colorable imitations thereof, or any marks confusingly similar thereto, (2) transferring to anyone other than ANI the referenced property advertised on the Defendant's website, including the Green Jackets and ANI silverware, and the belt buckle, and (3) otherwise deceptively or unfairly competing with ANI. (*See* Compl. p. 19 and doc no. 4.)

1

3. The Court scheduled a hearing on Plaintiff's Motion for a Preliminary Injunction for tomorrow, August 17, 2017, at 10:00 AM. (Doc. no. 8.)

4. On August 15, 2017 at 10:06 PM, Defendants served ANI (via email to undersigned counsel) with a subpoena duces tecum to produce documents, information, or objects and to appoint a corporate representative to testify at the hearing. A true and correct copy of the Subpoena is attached hereto as Exhibit "A" (hereinafter the "ANI Subpoena".)

5. At the same time, Defendants served Mr. James "Jim" James, a third-party employee of Plaintiff (via undersigned counsel), with a subpoena duces tecum to produce documents, information, or objects and to testify at the hearing. A true and correct copy of the Subpoena is attached hereto as Exhibit "B" (hereinafter the "James Subpoena".)

6. The documents requested are nearly identical with the one exception that the James Subpoena additionally requests "[a]ll documents you reviewed or relied upon in executing the Verification attached to the Complaint." *See* Exhibit "B".

7. Both the ANI Subpoena and the James Subpoena are thinly veiled discovery requests which are improperly served as a subpoena duces tecum, prior to a Fed. R. Civ. P. 26(f) conference and without the due process requirements provided under the Federal Rules of Civil Procedure.

8. Furthermore, the requests are unduly burdensome in that they seek comprehensive documents, some from nearly eighty (80) years ago, that may be in the possession of numerous ANI employees and agents. It is simply impossible to obtain, review, and produce all of these documents in the timeframe provided in the subpoena.

9. Both the ANI Subpoena and the James Subpoena request information that is highly confidential, including highly sensitive members lists of ANI. This information is

specifically sensitive, and the requests are highly suspect, in light of the fact that this Defendant claims in its current auction that it has conducted "[a] review of Augusta National's internal records…" in order to bolster its claimed value of some auction items. (*See* Compl. Ex. A-1 and ¶101(c)).

10. There is no way for Plaintiff to ensure that this information will be properly protected as the parties at this early stage have not entered into any confidentiality agreement and the Court has not entered a Protective Order.

## **ANALYSIS**

Defendant's subpoena should be quashed, pursuant to Fed. R. Civ. P. 45(d)(3), because it is unduly burdensome and requires the disclosure of highly sensitive information prior to a confidentiality agreement or protective order and prior to a Rule 26(f) conference. Without approval from the Court, a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d). "[A] party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures." *Qwest Commc'ns Intern., Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003) (citation omitted).

Additionally, these requests impose an undue burden on ANI. When a subpoena request imposes an undue burden on another party, a court *must* quash the subpoena. Fed. R. Civ. P. 45(c)(3)(A)(iv)(emphasis supplied). In order "to determine whether a subpoena imposes an undue burden, [a] court must consider (1) [the] relevance of the information requested; (2) the need of the party for the document; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *United States ex. rel. Willis v. SouthernCare Inc.*, 2015

U.S. Dist. LEXIS 127746 (S.D. Ga. 2015)(quotation omitted). Here, Defendant has essentially submitted to ANI its first set of discovery requests. It seeks any and all documents relating to the litigation, and it gives the Plaintiff one day to respond, research its files, organize the documents, and produce them, while at the same time attempting to prepare for the preliminary injunction hearing set by the Court. It is simply not possible for the Plaintiff to respond or produce the volume of documents requested by the Defendant in one day.

Here, the subpoena does not seek specific, narrowly defined documents but rather it seeks broad categories of documents and information using catch-all terms such as "reflecting" and "relating." Furthermore it requests "all documents" pertaining to each subject matter.

Granting the motion to quash will not prejudice Defendant. The basis for the preliminary injunction is outlined in the complaint, including the allegation that Defendant is auctioning stolen and counterfeit goods. Defendant is the only party who could have evidence regarding the chain of title/possession of the auctioned items which Plaintiff alleges are stolen. If there is evidence which demonstrates a proper chain of title (ANI asserts such evidence cannot exist), then it would be in Defendant's possession. Furthermore, if the Court allows the presentation of evidence (which Plaintiff believes is unnecessary), Defendant will have the opportunity to question Plaintiff's representative at the preliminary injunction hearing. Therefore, quashing the subpoena would not result in any prejudice to Defendant.

Here, it is simply not possible for Plaintiff to respond and produce the volumes of documents requested by Defendant. Defendant seeks to circumvent the orderly discovery process outlined in the Federal Rules of Civil Procedure with a hearing subpoena served less than two days prior to the hearing.

The ANI subpoena and the James subpoena improperly request highly confidential documents containing business information. Fed. R. Civ. P. 45(d)(3)(B)(i). As of now, there has been no confidentiality agreement or protective order entered in this case. There simply has not been time to discuss, negotiate and enter into a protective order. In this situation, courts must weigh the claim to privacy against the need for disclosure, and commonly enter a protective order restricting disclosure. *Festus & Helen Stacy Found., Inc. v. Merrill Lynch, Pierce Fenner, & Smith Inc.,* 432 F. Supp. 2d 1375, 1380 (N.D. Ga. 2006) (citation omitted).

ANI is an extremely respected entity that operates one of the most, if not the most, private and confidential golf clubs in the world. Public production of these private documents, which Plaintiff fears would happen in the absence of a protective order, would cause extreme harm to ANI. Its privacy is a business concern that affects the value of its brand and reputation. Defendant has specifically requested business records, property inventory lists, and membership records, the disclosure of which may have the potential to do harm to ANI's business and its membership.

Defendant has already made statements in the subject auction claiming that it has reviewed ANI's internal records. This public statement is particularly concerning to Plaintiff now that Defendant seeks to review internal records in the absence of a confidentiality agreement or protective order. Furthermore, Defendant's agent, Ryan Carey, has already made statements to the media about this lawsuit. Defendant's agents, Ryan Carey and Bob Zafian, also participate in a television show called Golf Treasures which details their quests to acquire memorabilia for Defendant's auctions. The nature of the documents sought, namely internal records evidencing ownership of property on ANI's premises and its membership roll, and Defendant's willingness to use and publicize this information for its own gain, are particularly troubling to ANI.

## CONCLUSION

One day prior to the hearing for a preliminary injunction, Defendant subpoenaed Plaintiff and its employee in an attempt to obtain expedited discovery in this litigation. Defendant's use of the Court's subpoena powers are an attempt to circumvent the Federal Rules of Civil Procedure governing discovery. Both subpoenas request ANI's highly confidential information in the absence of any protection. Both impose an undue burden on Plaintiff in light of the breadth of information sought and its irrelevance. It would be impossible for ANI to search and review its records, permit counsel to review the records, redact the records as appropriate, and produce them in an orderly fashion to the Defendant in one day. The subpoenas appear to be little more than a fishing expedition, an early shot at full discovery, and a shot across the bow in an effort to obtain and exploit ANI's confidential information for its own gain. Based on the foregoing, ANI respectfully requests that the subpoena issued to it and Mr. Jim James, both dated August 15, 2017, be quashed.

Respectfully submitted this 16th day of August, 2017.

/s/ *Christopher A. Cosper*
Christopher A. Cosper
Georgia Bar No. 142020

Mitchell B. Snyder
Georgia Bar No. 382138

OF COUNSEL:

HULL BARRETT PC
801 Broad Street, Suite 700
Augusta, Georgia 30901
(t) 706/722-4481
(f) 706.722.9779
(e) ccosper@hullbarrett.com

*Counsel for Plaintiff*
*Augusta National, Inc.*

## **CERTIFICATE OF SERVICE**

      This is to certify that a copy of the foregoing Motion to Quash has been served on counsel of record through the CM/ECF system to the following counsel:

Gail Podolsky, Esq.
Christopher B. Freeman, Esq.
Carlton Fields Jorden Burt, PA
1201 W. Peachtree St., NW
Suite 3000
Atlanta, GA 30309

This 16th day of August, 2017.

                                                   /s/ Christopher Cosper
                                                   Christopher A. Cosper

7
01105561.docx-1