IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| AUGUSTA NATIONAL, INC., | * | |
| Plaintiff, | * | |
| v. | * | CV 117-096 |
| GREEN JACKET AUCTIONS, INC., | * | |
| Defendant. | * | |

# O R D E R

Before the Court is Plaintiff's "Motion to Amend the Complaint to Add Greg J. Waunford-Brown as a Party-Defendant and Dismiss Claims to the King Green Jacket." (Doc. 64.) As the title suggests, Plaintiff requests the Court (1) add Greg J. Waunford-Brown as a party-defendant and (2) dismiss all claims related to the King Green Jacket (the "King Jacket"). Plaintiff wants to add Mr. Waunford-Brown because Mr. Waunford-Brown is the consignor of the Nelson Green Jacket (the "Nelson Jacket"). Plaintiff wants to dismiss all claims related to the King Jacket because the consignor of the King Jacket has withdrawn the jacket from Defendant's auction and wishes to engage in private arbitration with Plaintiff. Upon consideration, the Court **GRANTS** Plaintiff's motion.

# I. MOTION TO ADD Mr. WAUNFORD-BROWN

Federal Rule of Civil Procedure 20(a)(2) governs the permissive joinder of defendants to a lawsuit:

> Persons--as well as a vessel, cargo, or other property subject to admiralty process in rem--may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2)(A)-(B). In the Eleventh Circuit, "joinder is 'strongly encouraged' and the rules are construed generously 'toward entertaining the broadest possible scope of action consistent with fairness to the parties.'" Vanover v. NCO Fin. Servs., Inc., 857 F.3d 833, 839 (11th Cir. 2017) (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966)). Additionally, "district courts have 'broad discretion to join parties or not and that decision will not be overturned as long as it falls within the district court's range of choices.'" Id. (quoting Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir. 2002)).

The operative complaint in this case states that the present action is, among other things, "an action for trover, and related relief, seeking the return of property stolen from Plaintiff's premises at 2604 Washington Road, Augusta, Georgia

2

by third parties, which property is now in the possession of Defendant as a consignee or other agent." (Doc. 31, ¶ 7.) The Georgia statute which "'embodies the common law action of trover'" is O.C.G.A. § 51-10-1. Levenson v. Word, 668 S.E.2d 763, 765 (Ga. Ct. App. 2008) (quoting Grant v. Newsome, 411 S.E.2d 796 (Ga. 1991)). O.C.G.A. § 51-10-1 states that "the owner of personalty is entitled to its possession. Any deprivation of such possession is a tort for which an action lies."

Plaintiff desires to add Mr. Waunford-Brown "to resolve the issue of the right to title and possession of the [Nelson Jacket]." (Doc. 64, at 1.) Plaintiff claims that through the discovery process it has "identified [Mr. Waunford-Brown] as the consignor who currently claims ownership of the [Nelson Jacket]." (Id.) It also alleges that "Mr. Waunford-Brown procured the stolen [Nelson Jacket] from Defendant in 2012 in a private sale." (Id.)

The Court finds that Plaintiff's addition of Mr. Waunford-Brown complies with both requirements of Rule 20(a)(2). First, Plaintiff asserts a right to relief against Mr. Waunford-Brown that "arises out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). The most important question with respect to Plaintiff's claims to the Nelson Jacket is who owns the Nelson Jacket. Defendant

3

refuses to concede that Plaintiff owns the Nelson Jacket because it wants to auction the Nelson Jacket, and Mr. Waunford-Brown consigned the Nelson Jacket to Defendant to put up for auction. Thus, the right to relief arises out of the same transaction or occurrence in that it arises out of the attempted sale of the Nelson Jacket by Mr. Waunford-Brown through Defendant. Second, multiple "question[s] of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(B). Defendant's proper possession of the Nelson Jacket as consignee depends, at least in part, upon Mr. Waunford-Brown's proper possession as consignor. Therefore, both Defendant and Mr. Waunford-Brown will have to litigate a common question of law and fact. Accordingly, Rule 20 allows Plaintiff to add Mr. Waunford-Brown to the present action.

## II. MOTION TO DISMISS KING JACKET CLAIM

Plaintiff's motion also "seeks to dismiss the claims to the [King Jacket] from this lawsuit." (Doc. 64, at 3.) Plaintiff seeks a voluntary dismissal of this claim without prejudice under Federal Rule of Civil Procedure 41. Alternatively, Plaintiff seeks to amend its complaint to exclude the claim pursuant to Federal Rule of Civil Procedure 15.

### 1. Rule 41

Rule 41(a)(1)(A) states that a "plaintiff may dismiss <u>an action</u> without a court order by filing . . . a notice of

4

dismissal before the opposing party serves either an answer or a motion of summary judgment." Fed. R. Civ. P. 41(a)(1)(A) (emphasis added). "An action," however, is not a claim. <u>Klay v. United Healthgroup, Inc.</u>, 376 F.3d 1092, 1106 (11th Cir. 2004) (citing <u>State Treasurer v. Barry</u>, 168 F.3d 8, 19 n.9 (11th Cir. 1999)). Thus, while

> Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant; <u>its text does not permit plaintiffs to pick and choose, dismissing only particular claims within an action.</u> A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a).

<u>Id.</u> (emphasis added). Accordingly, Plaintiff may not dismiss the King Jacket claim under Rule 41(a)(1)(A) but must use Rule 15(a) instead.

### 2. **Rule 15**

Rule 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Defendant, far from giving its written consent, affirmatively opposes Plaintiff's request. Thus, the Court must decide if "justice so requires" allowing Plaintiff to amend its complaint.

Although "leave to amend is freely given when justice so requires, it is not an automatic right." <u>Reese v. Herbert</u>, 527 F.3d 1253, 1263 (11th Cir. 2008) (citations and quotations

5

omitted). "A district court may, in the exercise of its inherent power to manage the conduct of litigation before it, deny such leave where there is substantial ground for doing so, such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" Id. (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). The grant or denial of a motion to amend is soundly within the district court's discretion. Id. at 1262.

After reviewing Defendant's brief in opposition to Plaintiff's motion, the Court finds no "substantial ground[s]" for denying Plaintiff's motion. Defendant opposes Plaintiff's motion to the extent that the Court dismisses the claim without prejudice. But under Rule 15 the Court would not be dismissing anything. It would merely be allowing Plaintiff to amend its complaint. Defendant also claims that "if this claim was dismissed without prejudice, [Plaintiff] could file a separate lawsuit against GJA relating to the [King Jacket], which could lead to inconsistent verdicts over the ownership rights to green jackets generally." (Doc. 66, ¶ 2.) The Court, however, does not see this as a legitimate risk because the ownership rights to the three green jackets at issue rest upon completely different principles of ownership. Plaintiff alleges that the

6

Nelson and Butler Green Jackets were very recently stolen from its premises, but it alleges that the King Jacket was improperly taken off its grounds by a member decades ago in violation of protocol. The claims to the Nelson and Butler Jackets rest upon whether the jackets were physically stolen, while the claim to the King Jacket rests upon whether Plaintiff's policies from years ago can establish that it retains ownership to the King Jacket. Thus, Defendant's alleged risk of inconsistent judgments is not a substantial ground for denying Plaintiff's motion.

Because Defendant has not instructed this Court as to any substantial grounds for denying Plaintiff leave to amend, and because the Court has found none on its own review, the Court allows Plaintiff to amend its complaint. See Thomas v. Town of Davie, 847 F.2d 771, 773 (11th Cir. 1988) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." (citations and quotations omitted)).

## IV. CONCLUSION

Because joinder of Mr. Waunford-Brown is proper under Rule 20, the Court **GRANTS** Plaintiff's motion (doc. 64) to add Mr. Waunford-Brown as a party-defendant to this case. Similarly, because the Court sees no substantial reason to deny Plaintiff leave to amend its complaint, the Court **GRANTS** Plaintiff's

7

motion (doc. 64) to file an amended complaint under Rule 15. The Court, however, **DENIES** Plaintiff's motion to dismiss its claim to the King Jacket under Rule 41. (Doc. 64.)

Accordingly, Plaintiff **SHALL FILE** its amended complaint within seven days of the date of this Order, and the Clerk **SHALL ADD** Greg J. Waunford-Brown as a Defendant to this action.

**ORDER ENTERED** at Augusta, Georgia this 16th day of March, 2018.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA