IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| AUGUSTA NATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-096 |
| | ) | |
| GREEN JACKET AUCTIONS, INC., and | ) | |
| GREG WAUNFORD-BROWN, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court is Plaintiff Augusta National, Inc.'s ("ANI") motion for jurisdictional discovery regarding Defendant Greg Waunford-Brown's motion to dismiss for lack of personal jurisdiction, (doc. no. 112). For the reasons stated below, the Court **DENIES** ANI's motion for jurisdictional discovery. (Doc. no. 115.)

## I. COMPLAINT ALLEGATIONS

The second amended complaint alleges Mr. Waunford-Brown is a "citizen of a foreign state," who "resides in England and maintains a home in Florida."[1] (Doc. no. 85, p. 2.) Personal jurisdiction over Mr. Waunford-Brown is allegedly proper because Mr. Waunford-Brown is "a citizen of a foreign state and this action arises out of wrongful acts

---

[1] On July 13, 2018, Plaintiff filed a motion for leave to amend its second amended complaint to add jurisdictional facts and amend its claims against Mr. Waunford-Brown. (Doc. no. 126.) Briefing of this motion will not be complete for several weeks. This order considers ANI's request for jurisdictional discovery under the second amended complaint, which is the operative pleading at this time.

committed by Waunford-Brown in the United States and England. Specifically, Waunford-Brown transferred funds for the Nelson Green Jacket to New Jersey, and Waunford-Brown obtained possession of the Nelson Green Jacket in England." (Id. at 3.)

ANI purportedly owns the 1966 Champions Green Jacket of Mr. Byron Nelson. (Id. at 4-5) Sometime after 2009, ANI discovered the Nelson Green Jacket was missing. (Id. at 5.) Mr. Waunford-Brown is the current cosignor of the Nelson Green Jacket, claiming ownership because Defendant Green Jacket Auctions, Inc., ("GJA") conveyed it to him in 2012, when he purchased the Nelson Green Jacket and transferred funds to GJA in New Jersey. (Id. at 6.) In exchange, GJA "hand delivered the stolen Nelson Green Jacket to Waunford-Brown in England." (Id.) Mr. Waunford-Brown is allegedly in wrongful possession of the Nelson Green Jacket and does not hold legal title. (Id.)

ANI seeks declaratory relief its right to the Nelson Green Jacket is "valid, enforceable, and superior to any claim of Waunford-Brown." (Id. at 22.) ANI contends it is entitled to possession of the jacket under the theory of "trover/return of property/conversion." (Id. at 5, 23.) ANI also seeks an injunction prohibiting Mr. Waunford-Brown from selling ANI's property. (Id. at 25.)

## II. THE MOTION TO DISMISS AND MOTION FOR JURISDICTIONAL DISCOVERY

On May 31, 2018, Mr. Waunford-Brown, through counsel, filed a motion to dismiss for lack of personal jurisdiction, explaining he is a "citizen and resident of the United Kingdom with no ties to Georgia." (Doc. no. 112, p. 1.) Mr. Waunford-Brown argues there are no facts in the second amended complaint tying him to Georgia and states by affidavit the

2

following: (1) he has never lived in Georgia; (2) he does not conduct any business in Georgia; (3) he does not maintain a bank account, books, or records in Georgia; (4) he does not own or lease property in Georgia; and (5) he does not pay taxes in Georgia. (Id. at 4; doc. no. 112-1, p. 1.) Mr. Waunford-Brown's only Georgia activities are (1) attending the Masters Golf Tournament as a spectator six times in the last sixteen years, most recently in April 2017, and (2) playing the Augusta National Golf Course ("ANGC") as a guest in 2005. (Id. at 1-2.)

On June 19, 2018, ANI filed a motion for jurisdictional discovery claiming Mr. Waunford-Brown and GJA were "part of a conspiracy to remove the Green Jacket from ANI's property and hide it overseas," and seeking jurisdictional discovery to uncover additional factual support for this claim. (Doc. no. 115, pp. 2-3.) ANI also contends Mr. Waunford-Brown's statements regarding his seven visits to Augusta National "leav[e] open the possibility of other contacts with Georgia and business interests." (Id. at 3.) Finally, ANI states Mr. Waunford-Brown has spent more than $180,000 on ANGC and Masters memorabilia with GJA. (Id. at 3-4.) ANI argues discovery will "certainly reveal other transactions of ANI-related items and other business dealings with persons in the State of Georgia, including potentially the persons who orchestrated the theft of the Green Jacket at issue in this case." (Id. at 4.) ANI attached to its motion thirty-two pages of invoices sent to Mr. Waunford-Brown from GJA between 2007 and 2017, seeking payment for purchases of ANGC and Masters memorabilia. (Doc. no. 115-1.) All invoices directed remittance of payment to GJA in New Jersey. (Id.)

3

In response, Mr. Waunford-Brown argues ANI's allegations in its motion are irrelevant to personal jurisdiction because they are not in the second amended complaint. (Doc. no. 122, p. 5-8.) Additionally, Mr. Waunford-Brown argues, even if the Court were to consider the new information, it would not be sufficient for personal jurisdiction because: (1) the invoices evidence business transactions between England and New Jersey and do not relate to Georgia; and (2) ANI's allegations regarding a conspiracy and additional business contacts are speculation unsupported by evidence. (Id. at 8-10.)

At the July 5, 2018 telephone conference, ANI argued there is circumstantial evidence Mr. Waunford-Brown knew the Nelson Green Jacket was stolen from ANI when he purchased it from GJA in 2012. (Court's recording system, *For the Record*, (FTR) 2:23:02 – 2:23:50.) ANI argues specific jurisdiction is appropriate because Mr. Waunford-Brown purposely availed himself of the forum by obtaining the stolen Green Jacket and the impact of his actions were predominantly felt by ANI in Georgia. (FTR 2:14:22 – 2:14:33; 2:40:26 – 2:40:53.)

In his post-hearing brief, Mr. Waunford-Brown argues, even if he were knowingly involved in a conspiracy to obtain the stolen Green Jacket, personal jurisdiction would not be appropriate because ANI does not allege Mr. Waunford-Brown purposely performed acts in Georgia in connection with the alleged conspiracy. (Doc. no. 125, p. 3.)

### III. ANALYSIS

Generally, a plaintiff "should be given the opportunity to discover facts that would support his allegations of jurisdiction." Majd-Pour v. Georgiana Cmty. Hosp., Inc., 724 F.2d 901, 903 (11th Cir. 1984) (citations omitted). However, where "the complaint [is]

4

insufficient as a matter of law to establish a *prima facie* case that the district court [has] jurisdiction," granting jurisdictional discovery is an abuse of discretion. Butler v. Sukhoi Co., 579 F.3d 1307, 1314 (11th Cir. 2009). Allegations made in pleadings outside the complaint, such as in ANI's motion for jurisdictional discovery, are not properly considered. Id.

Regarding the exercise of personal jurisdiction over non-resident defendants in Georgia, the Eleventh Circuit has held "the Georgia long-arm statute does not grant courts in Georgia personal jurisdiction that is coextensive with procedural due process." Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1259 (11th Cir. 2010). Accordingly, "courts must apply the specific limitations and requirements of O.C.G.A. § 9-10-91 literally and must engage in a statutory examination that is independent of, and district from, the constitutional analysis to ensure that both, separate prongs of the jurisdictional inquiry are satisfied." Id. at 1263.

Georgia's long-arm statute states in relevant part:

A court of this state may exercise personal jurisdiction over any nonresident or his or her executor or administrator, as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he or she were a resident of this state, if in person or through an agent, he or she:

(1) Transacts any business within this state;

(2) Commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act;

(3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of

5

> conduct, or derives substantial revenue from goods used or consumed or services rendered in this state; [or]
>
> (4) Owns, uses, or possesses any real property situated within this state . . . .

O.C.G.A. § 9-10-91(1)-(4). Subsections (5) and (6) concern custody and divorce. O.C.G.A. § 9-10-91(5), (6).

Mr. Waunford-Brown's motion to dismiss is presently pending before the Presiding District Judge. (Doc. no. 112.) However, for the purpose of the present motion, it appears ANI's allegations regarding Mr. Waunford-Brown in its second amended complaint fail to establish a prima facie case for the exercise of personal jurisdiction under § 9-10-91(1)-(4).

First, ANI fails to allege facts indicating Mr. Waunford-Brown transacted any business within the state related to ANI's claims. ANI claims Mr. Waunford-Brown purchased the Nelson Green Jacket from GJA, located in New Jersey, and received it in England. (Doc. no. 85, pp. 3, 6.) Second, ANI does not allege Mr. Waunford-Brown committed any tortious acts or omissions within the state. In fact, the second amended complaint does not allege Mr. Waunford-Brown has ever been to Georgia.

Third, ANI has not alleged facts satisfying the statutory requirements listed in subsection three.

> [U]nder subsection (3) a Georgia Court may exercise personal jurisdiction over a nonresident who commits a tortious injury in Georgia caused by an act or commission outside Georgia only if the tortfeasor "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state,' notwithstanding that these limiting conditions may preclude a Georgia court from exercising personal jurisdiction over the nonresident to the fullest extent permitted by constitutional due process."

Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames, 620 S.E.2d 352, 354 (Ga. 2005) (citing Gust v. Flint, 356 S.E.2d 513 (Ga. 1987)). Furthermore, any "persistent course of conduct" must occur within Georgia to satisfy the requirement. Huggins v. Boyd, 697 S.E.2d 253, 255 (Ga. Ct. App. 2010).

While ANI alleges Mr. Waunford-Brown caused a tortious injury in the state by committing an act or omission outside the state; i.e., converting the Nelson Green Jacket, (doc. no. 85, p. 23), ANI does not allege Mr. Waunford-Brown (1) regularly does or solicits business in the state; (2) engages in any other persistent course of conduct in the state; or (3) derives substantial revenue from goods used or consumed or services rendered in this state. Indeed, the second amended complaint does not allege any connection between Mr. Waunford-Brown and the state of Georgia.

Finally, ANI does not allege Mr. Waunford-Brown owns, uses, or possesses any real property situated within the state. Because the second amended complaint does not state a prima facie case for personal jurisdiction against Mr. Waunford-Brown under Georgia's long-arm statute, jurisdictional discovery is not warranted. Butler, 579 F.3d at 1314.

## IV. CONCLUSION

The Court **DENIES** ANI's motion for jurisdictional discovery. (Doc. no. 115.)

SO ORDERED this 16th day of July, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA